ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 18 2009

JAMES N. HATTEN, Clerk
*signature* Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. -CAM |
| v. | : : : | 1 09-cv-2566 |
| SANGRIAS MEXICAN RESTAURANT, | : : | JURY TRIAL DEMAND |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, retaliation association and to provide appropriate relief to Lauren Goldston, Sarah Goldston, Francesca Goldston and Max Goldston, who were adversely affected by such practices. The Plaintiff alleges that while employed with Defendant as a waitress, Lauren Goldston was subjected to a sexually hostile work environment by a male cook at the restaurant and that Defendant failed to take effective remedial action to end the harassment. After complaining about the harassment to Defendant's management and to the

1

EEOC, Defendant terminated Lauren Goldston's employment in retaliation for engaging in protected activity in violation of Title VII.

The Plaintiff also alleges that Defendant terminated Sarah Goldston's employment in retaliation for engaging in protected activity, i.e., repeated complaints to Defendant's management about her daughter, Lauren, being sexually harassed by a restaurant cook, in violation of Title VII. Francesca Goldston and Max Goldston, Lauren's aunt and uncle who also worked for Defendant, also complained to Defendant about Lauren Goldston being sexually harassed. Plaintiff alleges that Francesca and Max Goldston were also unlawfully terminated by Defendant in retaliation for complaining about the sexual harassment. Plaintiff further alleges that Francesca and Max Goldston were terminated by Defendant, also in violation of Title VII, because of their familial association with their niece, Lauren Goldston, who filed had a charge of discrimination with the EEOC against Defendant just 7 days before their discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant ("Sangrias Mexican Restaurant") has continuously been a corporation doing business in the State of Georgia and the city of Tucker, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lauren Goldston, Sarah Goldston, Francesca Goldston, and Max Goldston filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2007, Defendant engaged in unlawful employment practices at its Tucker, Georgia location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

    (a) subjecting Lauren Goldston to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment;

    (b) discharging Lauren Goldston from her employment after she complained to Defendant about the harassment; and

    (c) discharging Lauren Goldston from her employment with Defendant because she filed a charge of discrimination with the EEOC.

8. Since at least August 2007, Defendant engaged in unlawful employment practices at its Tucker, Georgia location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

    (a) discharging Sarah Goldston from her employment with Defendant in retaliation for complaining to Defendant about unlawful sexual harassment.

9. Since at least January 2008, Defendant engaged in unlawful employment practices at its Tucker, Georgia location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) by:

(a) discharging Francesca and Max Goldston from their employment with Defendant in retaliation for complaining to Defendant about unlawful sexual harassment; and

(b) discharging Francesca and Max Goldston from their employment with Defendant because of their familial association with Lauren Goldston, who had filed a charge of discrimination with the EEOC.

10. The effect of the practices complained of in paragraph 7 above has been to deprive Lauren Goldston of equal employment opportunities and, otherwise, to adversely affect her status as an employee because of her sex and because she engaged in protected activity.

11. The effect of the practices complained of in paragraph 8 above has been to deprive Sarah Goldston of equal employment opportunities and, otherwise, to adversely affect her status as an employee because she engaged in protected activity.

12. The effect of the practices complained of in paragraph 9 above has been to deprive Francesca and Max Goldston of equal employment opportunities and, otherwise, to adversely affect their status as employees because they engaged in protected activity and had a familial association with another employee who engaged in protected activity.

13. The unlawful employment practices complained of in paragraphs 7, 8, and 9 above were intentional.

14. The unlawful employment practices complained of in paragraphs 7, 8, and 9 above were done with malice or with reckless indifference to the federally protected rights of Lauren Goldston, Sarah Goldston, Francesca Goldston, and Max Goldston.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment against employees, and engaging in any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which retaliate against employees who either engage in protected activity or are associated with employees who engage in protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Lauren Goldston, Sarah Goldston, Francesca Goldston, and Max Goldston by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant to make whole Lauren Goldston, Sarah Goldston, Francesca Goldston, and Max Goldston by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8, and 9 above, including job search expenses, in amounts to be determined at trial.

F. Order Defendant to make whole Lauren Goldston, Sarah Goldston, Francesca Goldston, and Max Goldston by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7, 8, and 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay to Lauren Goldston, Sarah Goldston, Francesca Goldston, and Max Goldston punitive damages for its malicious and reckless conduct described in paragraphs 7, 8, and 9 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/18/2009
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No.: 076206

Lakisha Duckett
Trial Attorney
Georgia Bar No.: 231641

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818    (direct)
(404) 562-6905    (facsimile)